IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

———————————————————————————

| | |
|---|---|
| RD ROD, LLC, as Successor in<br>Interest to GRAND BANK, and<br>RONALD D. ROD, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>MONTANA CLASSIC CARS, LLC,<br>a Montana Limited Liability Corporation,<br><br>Defendant. | CV 12-136-M-DLC-JCL<br><br><br>ORDER |

———————————————————————————

Before the Court is Defendant Montana Classic Cars, LLC's motion to transfer this action to the United States District Court, District of Connecticut under 28 U.S.C. § 1404(a). For the reasons discussed, the Court finds it appropriate to grant Defendant's motion.

## I.   BACKGROUND

At the center of this lawsuit is a 1956 Ferrari 500TR which Plaintiff Ronald Rod acquired in 2007 for $3,650,000. In 2011, Montana Classic Cars acquired the Ferrari for $1,950,000. Rod claims to still own the car. Thus, the parties' dispute is over who owns the Ferrari.

In 2007, Rod and Thomas Rhein sought to purchase the Ferrari. Rod lives in Conroe, Texas, and Rhein lives in Tulsa, Oklahoma. Rod signed a promissory note for a $3,650,000 loan from Grand Bank in Tulsa which he used to purchase the car. Rod and Rhein directed the seller to execute a bill of sale transferring ownership of the Ferrari to Ventura Classics, Inc. (Ventura), an Oklahoma entity. Rod and Rhein reportedly agreed that Ventura would serve only as an "accommodation party" which held only "nominal ownership" of the Ferrari. Ventura granted Grand Bank a security interest in the Ferrari.

Rod's loan from Grand Bank matured in September, 2010, and Rod allegedly failed to repay the loan. Consequently, Grand Bank filed a legal action against Rod and Ventura in state court in Oklahoma to protect its interests in the loan and the Ferrari. Grand Bank obtained an Order of Delivery from the court directing that possession of the car be delivered to Grand Bank.

Grand Bank then entered a bailment agreement with Rhein pursuant to which Rhein agreed to hold and preserve the Ferrari on behalf of Grand Bank. The bailment agreement required Rhein to keep the car in Tulsa, Oklahoma, and it prohibited him from releasing it to any third person.

After Rhein obtained possession of the Ferrari, he sought to sell it allegedly without Rod or Grand Bank's permission. In September, 2011, Rhein applied for,

and obtained, an Oklahoma certificate of title for the Ferrari which identified Ventura as the owner, but the certificate did not identify Grand Bank as a lienholder.

Rhein contacted and met with Thomas Hamann in Connecticut to solicit his assistance in selling the car. Rhein shipped the car to Bridgeport, Connecticut where it was placed in a showroom.

One of Hamann's associates in Florida, Ted Johnson, contacted Dennis Nicotra of New Haven, Connecticut, to inquire whether Montana Classic Cars was interested in purchasing the Ferrari. Nicotra is the president of a Connecticut corporation named Premiere Resource Group, Inc., which is the sole member of Montana Classic Cars.

Hamann met with Nicotra in Connecticut to negotiate the purchase of the Ferrari. As a result of those negotiations, on October 7, 2011, Montana Classic Cars, through Nicotra, offered to purchase the car for $1,950,000. Rhein, who was in Connecticut at the time, accepted the offer. Rhein executed a bill of sale and an assignment of the Oklahoma certificate of title for the Ferrari. The Ferrari was delivered to Montana Classic Cars in Bridgeport, Connecticut, and Montana Classic Cars wire-transferred the purchase funds to Hamann Classic Cars, LLC's bank account in Connecticut. Hamann Classic Cars, LLC disbursed some of those

3

sale proceeds, and transferred the remainder of the proceeds to a trust account held by its attorney in Connecticut, George Kramer.  Those proceeds were subsequently depleted from the trust account held by Mr. Kramer, but were later partially restored to the account.

In February and March, 2012, Plaintiff RD Rod, LLC (RD Rod) — a Texas limited liability company with its principal place of business in Conroe, Texas — acquired all of Grand Bank's rights and interests in the Ferrari.  Together, Rod and RD Rod pursued legal action against Rhein, Hamann Classic Cars, LLC, and Montana Classic Cars in state court in Oklahoma to assert their rights to the ownership of the Ferrari.  By Order entered September 25, 2012, however, the Oklahoma state district court dismissed Montana Classic Cars from that lawsuit for lack of personal jurisdiction.

Rod and RD Rod commenced this action to establish their ownership rights and interests in the Ferrari.  In Count I they advance declaratory judgment claims relative to their ownership rights in the car, and in Count II they allege Montana Classic Cars is liable for the tort of conversion having wrongfully taken possession of the car.

Montana Classic Cars filed a counterclaim against Rod and RD Rod. Montana Classic Cars seeks judgment declaring its ownership, right, title, and interest in the Ferrari, unencumbered by any lien or security interest.

Jurisdiction over Rod and RD Rod's claims, and over Montana Classic Cars' counterclaims, is predicated upon diversity of citizenship under 28 U.S.C. § 1332(a).

## II.    DISCUSSION

At issue in Montana Classic Cars' motion is the propriety of transferring this action to the District of Connecticut under authority of 28 U.S.C. § 1404(a).

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]

28 U.S.C. § 1404(a).  The district court has considerable discretion in determining whether a transfer is appropriate based on an "individualized, case-by-case consideration of convenience [of the parties and witnesses,] fairness[,]" and justice.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  The purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'"  *Van Dussen v. Barrack*, 376 U.S. 612, 616 (1964).

5

## A.  This Action Could Have Been Brought in the District of Connecticut

As an independent, threshold consideration, section 1404(a) restricts

transfers to only those districts in which the action "might have been brought"

based on federal jurisdiction and venue laws.  *Van Dussen*, 376 U.S. at 616-624.

It is undisputed that Rod and RD Rod could have initially brought this

action in the District of Connecticut based upon diversity jurisdiction under 28

U.S.C. § 1332(a).  Also, venue would be proper in the District of Connecticut as it

is a judicial district "in which a substantial part of the events or omissions giving

rise to the claim occurred[.]"  28 U.S.C. § 1391(b)(2).  All aspects of the

transaction between Montana Classic Cars, Hamann, and Rhein resulting in

Montana Classic Cars' acquisition and alleged conversion of the Ferrari occurred

in the District of Connecticut.

## B.  Convenience, and Interests of Justice Support Transfer

There is no uniform or exhaustive list of factors a court should consider in

determining whether a change of venue would be in the interest of justice and for

the convenience of the parties and witnesses.  *Hillerich & Bradsby Co. v. ACE*

*American Ins. Co.*, 2012 WL 2359488, *1 (D. Mont. 2012).  The courts, however,

have identified the following as factors that are frequently considered:

  1. the plaintiff's choice of forum,
  2. the location where the relevant agreements were negotiated and executed,

3. the convenience of witnesses,

4. the ability of the two forums to compel non-party witnesses to testify,

5. the respective parties' relative contacts with the forums,

6. the state that is most familiar with the governing law,

7. the relative congestion in the two forums,

8. the length of time action has already been pending in the transferor forum,

9. ease of access to sources of proof, and

10. whether there is a "local interest" in either of the forums.

*Hillerich & Bradsby Co.*, 2012 WL 2359488 at *1 (citing *Jones*, 211 F.3d at 498-99).

The party seeking a transfer under section 1404(a) bears the burden of establishing that the transferee district is a more appropriate forum for the action. *Jones*, 211 F.3d at 499 & n.22.  This Court requires a "strong showing" that the factors weigh in favor of a transfer.  *Hillerich & Bradsby Co.*, 2012 WL 2359488 at *1.

### 1.   Parties' Contacts with the Forums, the Location of the Negotiation and Execution of Relevant Agreements, and Local Interests in Either Forum

The parties in this case have either no, or minimal, contacts with Montana. Rod and RD Rod are both citizens of Texas, and neither have any contacts with Montana.  Their various transactions and agreements relative to their interests in the Ferrari were negotiated and executed in Oklahoma, not Montana.

7

Montana Classic Cars has minimal contact with Montana.  It is incorporated as a Montana limited liability company.  And as required for its formation and for filing its articles of organization with the Montana Secretary of State, Montana Classic Cars identified Bennett Law Office, P.C. at 323 W. Pine St., Missoula, Montana 59802 as its registered agent, its managing manager, and the location of its "principal place of business[.]"  Dkt. 21-1; Mont. Code Ann. § 35-8-202(1)(c), (d) & (e)(I).  It "maintains its books and records" in Montana, and it titles and registers several of its vehicles in Montana.  Dkt. 25-1 at ¶¶ 4, 9.

Notwithstanding, John Bennett, a principal of Bennett Law Office, P.C., confirms in his affidavit that Montana Classic Cars does not conduct substantive business activities in Montana.  Dkt. 25-1 at ¶¶ 4, 8.  It has not purchased or sold any asset in Montana, and it has not brought any of its vehicles to Montana.  *Id*. at ¶¶ 8, 10.  Nicotra states in his affidavit that Montana Classic Cars' principal place of business is in New Haven, Connecticut.  Dkt. 10-10 at 1.

With respect to the specific circumstances of this case, Montana Classic Cars negotiated and executed the agreements and documents relative to its acquisition of the Ferrari in Connecticut, not Montana.  Significantly, Montana Classic Cars did not title or register the subject Ferrari in Montana.  Dkt. 25-1 at ¶ 11.

8

Montana has no local interest in the parties' respective ownership rights and interests in the Ferrari, the title of which was issued by Oklahoma, not Montana. Rod and RD Rod's ownership interests arise by virtue of conduct and transactions that occurred in Oklahoma, and Montana Classic Cars' ownership interests arose through transactions in Connecticut.  Therefore, Connecticut has a greater local interest in a vehicle sold within that State, and in the conduct of the parties relative to that sales transaction.

## 2.    <u>Plaintiffs' Choice of Forum</u>

Although a plaintiff's choice of forum is ordinarily entitled to substantial deference, where the plaintiff is not a resident or citizen of the forum state the plaintiff's choice is given less deference.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).  Furthermore, the court must consider the parties' contacts with the forum state, and "if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter[,]" then the plaintiff's choice of forum is given only minimal consideration.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  *See Hillerich & Bradsby Co.*, 2012 WL 2359488 at *1 (noting that the weight given the plaintiff's choice turns on whether the operative facts of the legal claims occurred in the forum).

Rod and RD Rod's choice of the District of Montana as the forum for this action is entitled to minimal consideration.  First, they are both citizens of Texas.  Second, the operative facts giving rise to Rod and RD Rod's conversion claim occurred in Connecticut.  Finally, the operative facts allegedly supporting Rod and RD Rod's declaratory judgment claims regarding their ownership rights and interests occurred in Oklahoma.  Because none of the events or transactions giving rise to Rod and RD Rod's claims occurred in Montana, their choice of forum is properly given little consideration.  *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968).

### 3.      <u>Familiarity with Governing Law</u>

A federal court sitting in diversity jurisdiction applies the choice-of-law rules of the forum State.  *Johnson v. Wells Fargo Home Mortgage, Inc.*, 635 F.3d 401, 420 n.16 (9th Cir. 2011).  Also, where a case is subject to transfer under section 1404(a), the courts apply the choice-of-law rules of the State from which the case is transferred.  *Piper Aircraft Co.*, 454 U.S. at 243 n.8.  Thus, Montana's choice-of-law rules apply in this case.

Because the parties agree that under Montana's choice-of-law rules, the law of Oklahoma applies to Rod and RD Rod's declaratory judgment claims, this issue does not affect the transfer analysis.

The more relevant issue is the law that is applicable to Rod and RD Rod's claim for conversion.  Montana's choice-of-law rules applicable to tort claims seek "to apply the law of the state with the 'most significant relationship to the occurrence and the parties.'"  *Phillips v. General Motors Corp.*, 995 P.2d 1002, 1007 (Mont. 2000) (adopting Restatement (Second) of Conflict of Laws § 145(1) (1971)).  The specific analysis with respect to tort claims takes into account the following contacts with a particular state:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

*Phillips*, 995 P.2d at 1008.

Applying these factors to the conversion claim, factors (a), (b) and (d) dictate that the law of Connecticut is applicable.  Connecticut is where Montana Classic Cars' alleged conversion occurred.  Its purchase negotiations and transaction with Hamann and Rhein, and the transfer of possession of the Ferrari to Montana Classic Cars, occurred entirely within Connecticut.  Although Rhein and Ventura are citizens of Oklahoma, and Rod and RD Rod are citizens of Texas, Nicotra is a citizen of Connecticut, and Montana Classic Cars conducts business in

Connecticut.  Consequently, this factor weighs in favor of transferring this action to the District of Connecticut.

**4.      Compulsory Process for Attendance of Witnesses**

A court's subpoena power is governed by Fed. R. Civ. P. 45.  A subpoena for a witness's attendance at a trial, hearing or deposition, or a subpoena for inspection or production of materials, may be served "within the district of the issuing court[,]" or "outside that district but within 100 miles of the place specified" for the trial, hearing, deposition, inspection or production.  Fed. R. Civ. P. 45(b)(2)(A) & (B).

Here, all of the non-party individuals identified as witnesses reside in either Connecticut, Oklahoma, or Florida — none of the identified witnesses reside in Montana.  Mr. Robin Buerge and Mr. Bruce Adkins, both associated with Grand Bank, Mr. Brian Goss associated with Ventura, and Mr. Rhein are all citizens or residents of Oklahoma.  Mr. George Kramer and Mr. Thomas Hamann each reside in Connecticut.  Finally, Mr. Ted Johnson resides in Florida.  Therefore, based on the limitations of a court's subpoena power, none of the identified witnesses would be within the compulsory subpoena power of the District of Montana.

In contrast, although the District of Connecticut would not have subpoena power over either the Florida or the Oklahoma witnesses, it would, at least, have

subpoena authority over Mr. Kramer and Mr. Hamann who reside in Connecticut. Thus, the compulsory process factor favors transfer to the District of Connecticut as a more appropriate forum than the District of Montana.

### 5.    Convenience of Witnesses

The District of Montana is not a convenient forum to any party, or to any potential witness identified by the parties.  All parties and witnesses would have to travel significant distances from Texas, Oklahoma, Florida, and Connecticut, to participate, if necessary, in any hearing or trial in Missoula, Montana.

The District of Connecticut would be more convenient to all individuals involved in this case.  Nicotra, Hamann, and Kramer all reside in Connecticut.  As for the remaining parties and witnesses in Texas, Oklahoma, and Florida, the travel distances are shorter, and the airfare prices are less expensive for those individuals to travel to the District of Connecticut as compared to the distances and expenses for them to travel to Missoula, Montana.  Rod and RD Rod do not dispute that the travel expenses would be less burdensome for all individuals traveling to Connecticut than they would be if all individuals had to travel to Montana.

Rod and RD Rod agree that they and other individuals who reside outside the District of Connecticut will be inconvenienced regardless of whether this

13

action stays in the District of Montana, or whether it is transferred to the District

of Connecticut.  They illogically argue, though, that a transfer to the District of

Connecticut would inappropriately shift the inconvenience from Montana Classic

Cars to Rod, RD Rod, and other witnesses outside the District of Connecticut.

To the contrary, as described above, due to the relative travel distances and

expenses, a transfer to the District of Connecticut would reduce the inconvenience

to all individuals involved in this action including Rod and RD Rod.  Thus, a

transfer would not shift any inconvenience from Montana Classic Cars to Rod, RD

Rod, or the other witnesses.

Instead, by asserting this action should remain in the District of Montana,

Rod and RD Rod are implicitly suggesting the relative inconvenience to Montana

Classic Cars, and Rod and RD Rod should be equalized.  But it does "not promote

justice to attempt to equalize inconvenience" between the parties.  *Pacific Car &

Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968).  Rather, the overall

convenience to the parties and witnesses is the important consideration.  Clearly,

the District of Montana would be inconvenient to all parties and witnesses,

whereas the District of Connecticut would be less inconvenient to all individuals

involved in this action based on travel distances and expenses.

6.     **Relative Congestion in Forums, and Time Pending in Montana**

The Court may consider the relevant congestion of the courts in the District of Connecticut as compared to the courts in the District of Montana. *Hillerich & Bradsby Co.*, 2012 WL 2359488 at *3. Statistics complied by the Administrative Office of the United States Courts reflect that for the 12-month period ending December 31, 2011, in the District of Connecticut the weighted filings per judge was 351, and the average time from filing to disposition was 8.4 months. For that same 12-month period, in the District of Montana the weighted filings per judge was 370, and the average disposition time was 8.6 months. *See* Administrative Office of the United States Courts, Federal Court Management Statistics December 2011, U.S. District Court – Judicial Caseload Profile (available at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtMana gementStatistics/2011/District_FCMS_Profiles_December_2011.pdf&page=72) (accessed December 18, 2012). Thus, this factor weighs only slightly in favor of transferring this action to the District of Connecticut.

Also, this action has not been pending in the District of Montana for a significant amount of time. Rod and RD Rod commenced this action on August 6, 2012, and the scheduling order imposed in this case was issued November 7, 2012.

The trial is set for September 23, 2013.  This factor does not weigh against transferring this action.

### 7.    Montana Classic Cars' Counterclaim

Rod and RD Rod assert that a transfer of this action to the District of Connecticut is inappropriate since Montana Classic Cars has filed a counterclaim for declaratory judgment against them.  Rod and RD Rod contend the District of Connecticut would not have personal jurisdiction over the counterclaim.  Their arguments, however, lack merit as they are irrelevant to the analysis under 28 U.S.C. § 1404(a).

The analysis under section 1404(a) permitting the court to transfer an action to a district "where it might have been brought" requires the court to consider "the situation which existed when suit was instituted."  *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (citation and quotation omitted).  The power of the court to transfer an action under section 1404(a) does not depend on the defendants' subsequent conduct, "but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff[]" in the first instance. *Hoffman*, 363 U.S. at 343-44.  Consequently, the court's focus is on the case as it was originally filed without regard to any "counterclaims interposed by the party

seeking transfer." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (quotation omitted and citing *Hoffman*).

## III.   CONCLUSION

Based on the foregoing, in the interest of justice, and for the overall convenience of the parties and witnesses, this action will be transferred to the District of Connecticut.  Therefore, IT IS HEREBY ORDERED that Montana Classic Cars' motion to transfer is GRANTED.[1]

This Order is entered under 28 U.S.C. § 636(b)(1)(A).  Thus, the parties are afforded 14 days after service of this Order to serve and file objections, if any, to the Order.  Fed. R. Civ. P. 72(a).  If no objection is filed by any party by **January 2, 2013**, then the Clerk of Court is directed to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a).

DATED this 19th day of December, 2012.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1]A change of venue ruling is a non-dispositive matter which need not be submitted as "proposed findings of fact and recommendations" to the District Judge as otherwise required under 28 U.S.C. § 636(b)(1)(B) with respect to dispositive motions.  *See Paoa v. Marati*, 2007 WL 4563938, *2 (D. Hawaii 2007) (citations omitted).